IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| MBP MANAGEMENT SERVICES, | : | BANKRUPTCY NO.: 5-02-bk-03638 |
| INC. t/a PARRY, | : | |
|     DEBTOR | : | |

*************************************************************************

| | | |
|---|---|---|
| PENN SECURITY BANK & TRUST | : | |
| COMPANY, | : | |
|     PLAINTIFF | : | |
| | : | |
|     v. | : | {**Nature of Proceeding**: Motion to Impose |
| | : | Sanctions (Doc. #87)} |
| PACIFIC MOTOR TRANSPORT | : | |
| COMPANY a/k/a PACER, | : | |
|     DEFENDANT | : | **ADVERSARY NO.  5-03-ap-50148** |

*************************************************************************

| | | |
|---|---|---|
| MARK J. CONWAY, Chapter 7 Trustee | : | |
| for the Estate of MBP MANAGEMENT | : | |
| SERVICES, INC. t/a PARRY, | : | |
|     PLAINTIFF | : | |
| | : | |
|     v. | : | {**Nature of Proceeding**: Motion to Impose |
| | : | Sanction against Defendant (Doc. #46)} |
| PACIFIC MOTOR TRANSPORT | : | |
| COMPANY a/k/a PACER, | : | |
|     DEFENDANT | : | **ADVERSARY NO.  5-03-ap-50200** |

# OPINION[1]

Currently before this Court are separate motions filed by counsel for the Chapter 7 Trustee, Mark Conway, and Penn Security Bank & Trust Co., requesting an imposition of sanctions against Pacific Motor Transport Co. ("PACER").  After consideration of the record generated from the hearing held on July 22, 2004, both motions are denied.

---

[1] Drafted with the assistance of Wendy E. Morris, Law Clerk.

[m:\users\cathy\wp8docs\opinions\MBP Sanctions.wpd]

## DISCUSSION

Both requests for sanctions center around the April 20, 2004 deposition of Debra Wilcox. During the deposition, Mrs. Wilcox was questioned about the information contained on several documents concerning ComData transactions for the Debtor, MBP Management Services, Inc., that were generated internally for PACER's use. These documents contained Mrs. Wilcox' handwritten notes. When questioned whether she kept copies of these ComData sheets, she stated that she did and that she should have the majority of them in her ComData file. She further indicated that she only had one ComData file. Counsel for Penn Security Bank & Trust, John Appleton, indicated that he wanted this file. Attorney Appleton followed up his oral request with a letter dated April 23, 2004 to PACER's attorney, John Barrett requesting:

> 14. Comdata file, records and notes of Debra Wilcox related to Parry and/or Parry Trucking.
>
> 15. Copies of manual record of Comdata computations and other Comdata sheets related to Parry and/or Parry Trucking made and kept by Debra Wilcox including any handwritten notes and entries.

Penn Security Bank & Trust filed a second supplemental request for the production of the aforementioned documents on May 11, 2004. On June 7, 2004, Attorney Appleton filed a motion on behalf of his client requesting a court order compelling the production of these documents. Attorney Barrett thereafter produced a number of documents on June 8 and 17, 2004.

When the parties reconvened on June 18, 2004 for a continuation of Mrs. Wilcox' deposition, the Trustee's counsel, W. Boyd Hughes, questioned Mrs. Wilcox as to why she produced "clean" copies of the exhibits utilized in her prior deposition and not the copies

[m:\users\cathy\wp8docs\opinions\MBP Sanctions.wpd]  2

containing her handwritten notations. Mrs. Wilcox indicated that she was under the impression that she was required to produce the ComData sheets contained in her ComData file, which only contained clean copies. The ComData sheets which contained her handwritten notations were located in the ComData Accounts Payable file. Attorney Hughes then made an oral request for the entire ComData Accounts Payable file, whereby Attorney Barrett responded that it would be produced if it existed.

A hearing on a corollary matter was held on June 22, 2004, whereby another attorney for PACER, Robert Sheils, stated on the record that the documents requested during the June 18th deposition would be provided by next Thursday (July 1, 2004). Neither Attorneys Hughes nor Appleton voiced any concern or opposition to this statement. Soon thereafter, Penn Security Bank & Trust filed its motion for sanctions in relation to the documents at issue on June 28, 2004, which was followed by the Trustee's sanction motion on July 1, 2004. On July 1, 2004, the ComData sheets at issue, which contained Mrs. Wilcox' handwritten notations, were produced by PACER along with additional supporting documents.

It is clear to this Court that the imposition of sanctions in this matter is wholly inappropriate for a number of reasons. First, it is obvious from this Court's reading of Mrs. Wilcox' depositions how she easily could have misunderstood the scope of Attorney Appleton's request. The questions put before her only asked how many ComData files she had, and not how many ComData files concerning the Debtor were possessed by PACER. Nor did counsel directly ask Mrs. Wilcox if the ComData sheets with her handwriting on them were the same ones contained in her ComData file; he merely assumed that they were both referring to the same documents. The Court finds no merit in the assertions directed toward PACER that it either

[m:\users\cathy\wp8docs\opinions\MBP Sanctions.wpd]     3

generated new ComData sheets or made alterations to the documents utilized during the April 20, 2004 deposition in order to subvert opposing parties' discovery efforts.

Secondly, sanctions are not warranted based on this Court's review of the documents and compact disc provided by PACER in earlier discovery requests. The information contained in the pre-July 1, 2004 materials is substantially similar to the documents produced on July 1, 2004. The Court is not prepared to chastise a party and its counsel for providing opposing counsel with the information request—although in a different (and more concise) format—when the record indicates opposing counsels' failure, or even blatant refusal, to make a good faith effort of discovering whether the pre-July 1, 2004 materials were identical to that produced on July 1, 2004. Despite opposing counsel's assertions to the contrary, this Court had no problem locating the allegedly missing information in the pre-July 1, 2004 produced materials.

Lastly, an imposition of sanctions in this instance would be procedurally unsound and an abuse of this Court's discretion. Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, as adopted under Rule 7037 of the Federal Rules of Bankruptcy Procedure, provides that sanctions are merited if a motion to compel had been previously granted unless a court finds that the "motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." The Court first notes that although the *Trustee* filed a motion to compel, Penn Security Bank & Trust never filed the motion to compel prior to its motion for sanctions. See McMullen v. Bay Ship Management, 335 F.3d 215, 217 (3d Cir. 2003). In addition, both Penn Security Bank & Trust and the Trustee chose to file their respective sanction motions without regard to the representation made in this Court on June 22, 2004, that the information, which they already possessed, was going to be provided in a more crude format on

July 1, 2004. The present sanction motions were premature and undercut the existence of any good faith effort that opposing counsel may have initially exhibited when seeking these documents. For the reasons articulated in this opinion, the motions are denied.

An Order will follow.

Date: November 23, 2004

                                                                     John J. Thomas, Bankruptcy Judge
                                                                                                                    (CMS)
*This electronic order is signed and filed on the same date.*